United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 8, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 03-60508
_____

GREY WOLF DRILLING COMPANY L. P., RIG 865,

Petitioner,

versus

OCCUPATIONAL SAFETY AND HEALTH REVIEW
COMMISSION; ELAINE CHAO, SECRETARY,
DEPARTMENT OF LABOR,

Respondents.

_____

Petition for Review of an Order of the
Occupational Safety and Health Review Commission
_____

Before JOLLY, DUHÉ, and STEWART, Circuit Judges.

PER CURIAM:[*]

We affirm the final order of the Occupational Safety and Health Review Commission ("the Commission") upholding a citation issued to Grey Wolf Drilling Company, L.P. ("Grey Wolf"), for the following reasons:

First, although the arguments of Grey Wolf were well-presented and vigorously argued, we nevertheless find substantial evidence to support the Commission's conclusion that Grey Wolf violated the "general duty clause" of the Occupational Health and Safety Act by failing to furnish a place of employment free from recognized

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

hazards likely to cause death or serious injury to employees. 29 U.S.C. § 654(a)(1). In reaching this conclusion, we have taken into account Grey Wolf's vigorous contention that the use of a "swamper" in these circumstances would not have constituted a more effective means of abatement than the precautionary measures already in effect at the time of the accident. That argument has some force, especially given the peculiarities of this particular accident. However, we find substantial evidence in the record to support the Commission's findings that instead of the "swamper" riding inside the unloaded wench truck, the "swamper" walking outside on the passenger side at the rear of the vehicle when it is in reverse motion is a feasible means of abating the risks of a "struck-by" hazard.

Second, we hold that the petitioner's contention that it is entitled to the affirmative defense of employee misconduct fails in this case. As an element of such a defense, Grey Wolf must demonstrate that it had a safety program in place that adequately addressed the hazard at issue. For the reasons stated above, Grey Wolf does not satisfy this element here.

Accordingly, we affirm the final order of the Commission in all respects.

AFFIRMED.

2